UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD E. COLWELL,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CASE NO. 13-cv-05913 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 6; Consent to Proceed Before a United States Magistrate Judge, ECF No. 7). This matter has been fully briefed (*see* ECF Nos. 15, 18, 19).

After considering and reviewing the record, the Court concludes that the ALJ failed to provide specific and legitimate reasons for failing to credit fully an examining

physician's opinion. Although the ALJ found that the doctor's opinion was not supported by findings from the examination, the ALJ failed to discuss significant probative evidence from the doctor's examination that supported the doctor's opinion.

For this reason, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff, RICHARD E. COLWELL, was born in 1969 and was 39 years old on the alleged date of disability onset of June 5, 2009 (*see* Tr. 170). Plaintiff has obtained his GED (Tr. 47). Plaintiff has work experience in a fast food restaurant and for a floor cleaning service (Tr. 55-56). He was last employed in a supermarket stocking dairy products but was laid off because he was missing too much work (Tr. 47-48).

According to the ALJ, plaintiff has at least the severe impairments of "major depressive disorder vs. bipolar disorder, post-traumatic stress disorder (PTSD), panic disorder, generalized abdominal pain, status post hernia repair, and chronic headaches (20 CFR 404.1520(c) and 416.920(c))" (Tr. 26).

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* Tr. 77-84, 87-90, 94-96, 97-99; *see also* 170-76, 177-83). Plaintiff's requested hearing was held before Administrative Law Judge Mattie Harvin-Woode ("the ALJ") on August 18, 2011 (*see* Tr. 42-72). On October 28, 2011, the ALJ

1  issued a written decision in which the ALJ concluded that plaintiff was not disabled

2  pursuant to the Social Security Act (*see* Tr. 21-41).

3        In plaintiff's Opening Brief, plaintiff raises the following issues:  (1) Whether or

4  not the ALJ properly evaluated the medical evidence; (2) Whether or not the ALJ

5  properly evaluated plaintiff's testimony; (3) Whether or not the ALJ properly assessed

6  plaintiff's residual functional capacity; and (4) Whether or not the ALJ erred by basing

7  her step five finding on vocational expert testimony made in response to a hypothetical

8  that did not include all of plaintiff's limitations (*see* ECF No. 1, p. 1).

## STANDARD OF REVIEW

11        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

12  denial of social security benefits if the ALJ's findings are based on legal error or not

13  supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

14  1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

15  1999)).

## DISCUSSION

17        (1)    **Whether or not the ALJ properly evaluated the medical evidence**.

18        Among other contentions, plaintiff complains about the ALJ's treatment of the

19  opinions of an examining physician and another examining health care provider, both of

20  whom provided assessments of plaintiff's global assessment of functioning ("GAF") at a

21  level of 45 (*see* Tr. 32-33). Plaintiff argues that the ALJ does not provide a legitimate

22  reason to discount an opinion by finding that the opinion it is not supported by findings

23  from the examination, when the ALJ does not discuss any of the findings from the

examination that support the doctor's opinion. For the reasons discussed below, the Court agrees.

When a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

In addition, the ALJ must explain why her own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)); *see also Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989) ("When mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professional trained in the field of psychopathology. The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology or the absence of substantial documentation") (*quoting Poulin v. Bowen*, 817 F.2d 865, 873-74 (D.C. Cir. 1987) (*quoting Lebus v. Harris*, 526 F.Supp. 56, 60 (N.D. Cal. 1981))); *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor. The medical expertise of the Social Security Administration is reflected in

regulations; it is not the birthright of the lawyers who apply them. Common sense can mislead; lay intuitions about medical phenomena are often wrong") (internal citations omitted)).

The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

Dr. Lorraine Barton-Hass, M.D. examined and evaluated plaintiff on June 6, 2011 (*see* Tr. 823-30). Ms. Diane Young, LMHC, MHP, evaluated plaintiff on April 12, 2011 (*see* Tr. 809-815). Although only Dr. Barton-Hass is an acceptable medical source, the Court notes the following observations from plaintiff regarding both of these sources:

> Notably, nowhere in her decision does the ALJ discuss any of the clinical findings from Dr. Barton-Hass and Ms. Young which support their opinions. The ALJ does not mention Ms. Young's findings that Colwell presented as frowning and expressionless with a flat affect, slow speech, and retarded psychomotor activity, his mood was anxious, labile, and depressed, and his thought content was depressive. Nor does the ALJ mention Dr. Barton-Hass's findings that Colwell's affect was slightly blunted and fearful, he was flushed and appeared tense, and he sat on the edge of his chair and rapidly moved his legs up and down. The clinical findings from Ms. Young and Dr. Barton-Hass support their opinions about Colwell's level of impairment and show that Colwell is more limited than he was found to be by the ALJ.

(*see* Opening Brief, ECF No. 15, pp. 13-14 (internal citations to Tr. 814, 828)).

In the context of this case, the objective observations of Dr. Barton-Hass, as well as her assessments, are significant probative evidence that the ALJ erred in failing to

discuss. *See Flores*, *supra*, 49 F.3d at 570-71. Therefore, the Court concludes that the ALJ failed to provide specific and legitimate reasons for her failure to credit fully the opinions from Dr. Barton-Hass. Instead of explaining why she failed to credit the observation of the clinician who examined plaintiff, the ALJ simply ignored the observations of the clinician that supported the clinician's opinion. This is insufficient.

The Court also concludes that this error is not harmless, as it is not inconsequential to the ultimate disability determination. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted).

The ALJ did not evaluate fully the opinion of Dr. Barton-Hass, and failed to discuss the evidence in her evaluation supporting her opinion. The ALJ also appears not to have considered whether or not the two most recent psychological evaluators from 2011 provided opinions demonstrating that plaintiff's limitations had worsened since the time period of the evaluations by Drs. Chambers and Bradley, on which the ALJ relied when formulating plaintiff's RFC (*see* Tr. 32). Contrary to defendant's argument, this is not plaintiff putting forth an alternative interpretation of the evidence, because the ALJ has failed to interpret this evidence in the first instance.

Ms. Young also examined plaintiff around the same time as Dr. Barton-Hass, and also opined that plaintiff at that time was experiencing of GAF of 45 (*see* Tr. 816). This opinion, too, along with the objective observations therein, should be evaluated anew following remand of this matter.

//

(2) **Whether or not the ALJ properly evaluated plaintiff's testimony**.

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, for this reason, plaintiff's credibility should be assessed anew following remand of this matter.

(3) **Whether this matter should be reversed and remanded for further administrative proceedings or with a direction to award benefits**.

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292).

Here, outstanding issues must be resolved and it is not clear from the record that the ALJ would be required to find plaintiff disabled were the evidence from Dr. Barton-Hass credited. *See Smolen, supra*, 80 F.3d at 1292. In addition, as argued by plaintiff, the ALJ failed to consider explicitly much of the most recent evidence regarding his mental impairments. These records should be evaluated fully by the ALJ in the first instance.

## CONCLUSION

The ALJ erred in reviewing the medical evidence by failing to discuss recent and significant probative evidence regarding plaintiff's mental impairments.

Based on this reason and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 25th day of July, 2014.

J. Richard Creatura
United States Magistrate Judge