UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD E. COLWELL,

Plaintiff,

v.

CAROLYN W COLVIN, Acting Commissioner of the Social Security Administration,

Defendant.

CASE NO. 13-cv-05913 JRC

ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 6; Consent to Proceed Before a United States Magistrate Judge, Dkt. 7). This matter is before the Court on plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (*see* Dkt. 26). Defendant has no objection to plaintiff's request (*see* Dkt. 27).

The Court may allow a reasonable fee for an attorney who represented a Social Security Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25 percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v.*

*Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first to such agreement and will conduct an independent review to assure the reasonableness of the fee requested, taking into consideration the character of the representation and results achieved. *See Grisbrecht*, *supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the fee agreement is the primary means for determining the fee, the Court will adjust the fee downward if substandard representation was provided, if the attorney caused excessive delay, or if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*citing Grisbrecht*, *supra*, 535 U.S. at 808).

Here, the representation was standard, at least, and the results achieved excellent (*see* Dkt. 26 Attachments 3, 8). *See Grisbrecht, supra*, 535 U.S. at 808. Following this Court's remand (Dkt. 20) and a second hearing, the ALJ awarded benefits to plaintiff (Dkt. 26, Attachment 1, p. 1). There has not been excessive delay and no windfall will result from the requested fee.

Plaintiff's total back payment for Title II benefits was $44,322.00 (through July, 2016) and for Title XVI benefits was $2,246.70 (February to June, 2011) for a total of $46,568.70 (*see id.*, Attachments 1, 3, 8). Plaintiff has moved for a net attorney's fee of $4,308.04 (*see* Motion, Dkt. 26, p. 1), and the Court has considered plaintiff's gross attorney's fee of $11,642.17; and the EAJA award received by plaintiff's attorney in the amount of $7,334.13 ($8,139.62 minus $24.49 expenses and the $781.00 offset to that EAJA award that was seized pursuant to the Department of the Treasury's Offset program) (*see* Dkt. 25; Dkt. 26, Attachment 7). *See* 31 U.S.C. §§ 3711(a), 3716(a); *Astrue v. Ratliff*, 560 U.S.C. 586, 589, 593, 130 S.Ct. 2521, 2524, 2527 (2010); *Parish v. Comm'r. Soc. Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012).

Based on plaintiff's motion and supporting documents (*see* Dkt. 26, Attachments 1, 2, 3, 4, 5, 6, 7, 8), and with no objection from defendant (Dkt. 27), it is hereby ORDERED that attorney's fees in the gross amount of $11,642.17 be awarded to plaintiff's attorney pursuant to 42 U.S.C. § 406(b), thus, after the subtraction of previously received EAJA fees ($7,334.13), leaving net attorney's fees in the amount of $4,308.04 remaining to be awarded to plaintiff's attorney pursuant to 42 U.S.C. § 406(b). After the $4,308.04 in fees are paid to plaintiff's attorney based on this Order, the balance of withheld funds should be released to plaintiff.

Dated this 4th day of January, 2017.

J. Richard Creatura
United States Magistrate Judge